IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SLICEHOST, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| ENGINE YARD, INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR TRADEMARK INFRINGEMENT

Plaintiff Slicehost, LLC ("Slicehost") hereby submits its Complaint for Trademark Infringement against Defendant Engine Yard, Inc.

### Nature of the Action

Slicehost seeks to enjoin Defendant's use of "Slice" which directly infringes Slicehost's trademarks, SLICE and SLICEHOST, under the Lanham Act, 15 U.S.C. § 1125(a). Plaintiff seeks injunctive and monetary relief under the Lanham Act and applicable state common and statutory law.

### Parties

1. Slicehost is a Missouri limited liability company with its principal place of business in St. Louis, Missouri.

2. On information and belief, Defendant Engine Yard is a California corporation with its principal place of business located in Folsom, California. Engine Yard transacts business throughout the United States, including in Missouri, and operates an interactive website in which customers nationwide may make purchases online.

### Jurisdiction

5. This Court has personal jurisdiction over Defendant. Defendant's acts constitute the commission of a tort within the State of Missouri which impacts or affects residents of the State of Missouri. Defendant's operation of an interactive web site also gives rise to jurisdiction here.

6. This Court has subject matter jurisdiction over the Lanham Act claims raised in this action pursuant to 15 U.S.C. § 1125(a). This Court has subject matter jurisdiction over the related state common law and statutory claims raised in this action pursuant to 28 U.S.C. §§ 1367 and 1338(b).

7. Venue is proper in this District under 28 U.S.C. § 1391.

### Facts

#### Slicehost and Its Slice and Slicehost Marks

8. In July, 2006, Slicehost began selling virtual servers and virtual computing resources under the trademarks SLICE and SLICEHOST.

9. Since that time, Slicehost has established itself as a recognized hosting company and provider of virtual servers and virtual computing resources.

10. Since first using the SLICE and SLICEHOST trademark in July, 2006, Slicehost has used the names exclusively and continuously in connection with virtual server hosting and virtual computing resources. Since July, 2006, Slicehost has displayed the SLICE and SLICEHOST trademarks on its website and on other materials.

11. Slicehost's continuous and extensive use and promotion of SLICE and SLICEHOST has resulted in the creation of substantial goodwill and name recognition

throughout much of the United States in the software development, application hosting and virtual computing industry. The consuming public associates the SLICE and SLICEHOST marks exclusively with Slicehost.

### Defendant's Infringing Acts

12. Defendant has used the name "Slice" on its web site to promote virtual server hosting and virtual computing resources, an industry area related to Slicehost's area.

13. After learning of Defendant's infringement, Slicehost's counsel sent a letter and follow up e-mails to Defendant requesting that it cease and desist using the mark "Slice" in connection with their business and products.

14. In spite of Slicehost's demands and its ongoing objections, Defendant continues to use "Slice" to promote, offer for sale and/or sell products to customers.

### COUNT I - VIOLATION OF 15 U.S.C. 1125(a)

### TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

15. Slicehost restates paragraphs 1-14 as if set forth herein.

16. Defendant's use of "Slice" is likely to cause confusion, mistake or deception as to the source, origin, sponsorship or approval of Defendant's goods and services in that consumers and others are likely to believe Slicehost authorizes or controls the sale of Defendant's products or services, or that Defendant is associated with or related to Slicehost.

17. Defendant's use of "Slice" infringes Slicehost's Slice and Slicehost marks in violation of 15 U.S.C. § 1125(a), resulting in damages to Slicehost.

18. Defendant's wrongful use of "Slice" is an attempt to trade on Slicehost's business reputation, to palm off or pass off their products and/or services as coming from or

related to Slicehost, and/or to confuse and deceive consumers.

19.     Defendant's acts are greatly and irreparably damaging Slicehost and will continue to damage Slicehost unless enjoined by this Court.

20.     Because of Defendant's infringing conduct, this is an "exceptional case" under the Lanham Act.

## PRAYER FOR RELIEF

**WHEREFORE,** Slicehost requests that judgment be entered in its favor and that:

A.     The Court award Slicehost all damages and other monetary relief available as a result of Defendant's wrongful conduct, such damages and monetary relief including, but not limited to, actual damages, statutory damages, lost profits, Defendant's profits, treble damages and attorneys' fees;

B.     The Court enter injunctive relief ordering Defendants to:

1. Cease all use of "Slice" and any other trademark, logo or design mark that contains "Slice" or is otherwise confusingly similar to the SLICE and/or SLICEHOST marks;

2. Refrain from doing any other act or thing likely to induce the belief that Defendant's business, services or products are in any way legitimately connected with or sponsored or approved by Slicehost;

3. Refrain from doing any other act or thing likely to dilute the distinctiveness of the SLICE and SLICEHOST marks or likely to tarnish the goodwill associated with them;

4. Remove from Defendant's web site all references to the mark "Slice".

5. Deliver up for destruction all labels, signs, brochures, prints, advertisements, and any and all other material of an infringing or unfair or deceptive nature in Defendant's possession or control, as well as all plates and other means of making the same; and,

     6.  Take corrective action by notifying customers that it will not be selling any products bearing any name similar to Slice.

C.  The Court award Slicehost such other and further relief, including costs, as this Court deems just and equitable.

## COUNT II- VIOLATION OF MO. REV. STAT. §§ 417.061, 417.066 and

## COMMON LAW

### TRADEMARK INFRINGEMENT – STATE

21.  Slicehost restates paragraphs 1-20 as if set forth herein.

22.  Defendant's unauthorized use of "Slice" is likely to cause confusion, mistake or deception as to the source, origin, sponsorship or approval of Defendant's products or services in that consumers and others are likely to believe Slicehost authorizes or controls the sale of Defendant's products or services, or that Defendant is associated with or related to Slicehost. Defendant's unauthorized use is also likely to cause injury to Slicehost's business reputation and to dilute the distinctive quality of Slicehost's mark.

23.  Defendant's use of "Slice" infringes and dilutes Slicehost's SLICE and SLICEHOST names, entitling Slicehost to injunctive relief pursuant to Mo. Rev. Stat. §§ 417.061 and 417.066, and common law.

24.  On information and belief, Defendants' wrongful use of "Slice" is a deliberate, intentional and willful attempt to injure Slicehost's business, to trade on Slicehost's business reputation, and/or to confuse and deceive consumers.

25.  Defendants' acts are greatly and irreparably damaging Slicehost and will continue to damage Slicehost unless enjoined by this Court. Defendants' acts are likely to cause injury to Slicehost's business reputation and dilute the distinctive quality of Slicehost's

mark.

## PRAYER FOR RELIEF

**WHEREFORE,** Slicehost requests that judgment be entered in its favor and that:

A.  The Court award Slicehost all damages and other monetary relief available as a result of Defendant's wrongful conduct, such damages and monetary relief including, but not limited to, actual damages, statutory damages, lost profits, and Defendant's profits;

B.  The Court enter injunctive relief ordering Defendants to:

   1.  Cease all use of "Slice" and any other trademark, logo or design mark that contains "Slice" or is otherwise confusingly similar to the SLICE and/or SLICEHOST marks;

   2.  Refrain from doing any other act or thing likely to induce the belief that Defendant's business or product is in any way legitimately connected with or sponsored or approved by Slicehost;

   3.  Refrain from doing any other act or thing likely to dilute the distinctiveness of the SLICE and SLICEHOST marks or likely to tarnish the goodwill associated with them;

   4.  Deliver up for destruction all labels, signs, brochures, prints, advertisements, and any and all other material of an infringing or unfair or deceptive nature in Defendant's possession or control, as well as all plates and other means of making the same; and,

   5.  Take corrective action by notifying customers that it will not be selling any products bearing any name similar to SLICE or SLICEHOST.

C.  The Court award Slicehost such other and further relief, including costs and attorney's fees, as this Court shall deem just and equitable.

## JURY DEMAND

Slicehost requests a jury trial on all issues so triable.

ARMSTRONG TEASDALE LLP

*[signature]*

Jeffrey H. Kass                               #60672
One Metropolitan Square, Suite 2600
St. Louis, MO 63102
(314) 621-5070
(314) 621-5065 (facsimile)

ATTORNEYS FOR PLAINTIFF
SLICEHOST, LLC